IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 07-0147-TUC-RCC(HCE) |
| Plaintiff, | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | |
| MIGUEL NAPOLEON MORALES, | ) | |
| Defendant. | ) | |

Defendant Miguel Napoleon Morales filed a Motion to Dismiss (Doc. No. 32) for a violation of the Speedy Trial Act 18 U.S.C. §3161(c)(1). This matter came on for hearing on January 2, 2008.

For the reasons stated herein, the Magistrate Judge recommends that the District Court deny Defendant's Motion to Dismiss.

I PROCEDURAL AND FACTUAL HISTORY

A. Charge

The Defendant was charged by way of indictment with Illegal Re-entry After Deportation in that on or about December 28, 2006 at or near Douglas, in the District of Arizona the Defendant, an alien, entered and was found after having previously been denied admission, excluded, deported and removed from the United States of America at or near Miami, Florida on October 27, 2004 and did not obtain the express consent of the Attorney General or the

1    Secretary of the Department of Homeland Security to reapply for admission thereto, in

2    violation of 8 U.S.C. §1326(a)(b)(1). (Doc. No. 5).

3        B. Procedural Background

4        The Defendant was arrested on December 28, 2006 and indicted on January 24, 2007.  He

5    was arraigned on February 1, 2007 and a trial date of March 27, 2007 at 9:30 a.m. was set.

6        A Notice of Change of Plea Hearing was filed on February 16, 2007 setting a change of

7    plea hearing for March16, 2007.  On March 16, 2007 the change of plea hearing was vacated

8    by Defendant's counsel.

9        On March 19, 2007 Defendant filed a motion to continue the trial date of March 27, 2007.

10   An order was signed by the District Court on March 21, 2007 setting Defendant's trial for

11   May 1, 2007.

12       Defendant's matter came on for status hearing on April 4, 2007 at which time the Court

13   ordered that the Defendant be examined pursuant to 18 U.S.C. §4241(a) to determine

14   whether he was competent.  Defendant's counsel followed up with a formal motion on April

15   6, 2007.  On April 10, 2007 the Court ordered that a status hearing be held on April 11, 2007.

16   On April 11, 2007 counsel for the Defendant and the Government stipulated that the Court

17   will review submitted reports and enter the appropriate order pursuant to 18 U.S.C. 4241(d).

18       On April 16, 2007 the Defendant filed the second motion to continue the trial date of May

19   1, 2007.  On April 18, 2007 the District Court entered an order continuing Defendant's trial

20   to July 3, 2007.

21       On April 19, 2007 the Court entered an Order of Commitment ordering that the Defendant

22   be taken to a suitable facility to be restored to competency for a period not to exceed 120

23   days.  Furthermore, excludable delay under 18 U.S.C. §3161(h)(4) began on April 17, 2007

24   and would end upon the Court's determination of competency.  (Doc. No. 20).

25       Status hearings were set for August 21, 2007; September 5, 2007; September 28, 2007;

26   and November 7, 2007.  A status hearing was held on November 7, 2007 and upon defense

27   counsel's motion the status hearing was continued so that the Defendant could be brought

28   to court.  On October 12, 2007,  Warden A.F. Beeler from the Federal Medical Facility at

1   Butner, North Carolina issued a Certificate of Restoration of Competency To Stand Trial.
2   The U.S. Marshals were sent notice to transport the Defendant back to the District of
3   Arizona.  The Court received the evaluation report and the aforementioned Certificate on
4   October 26, 2007.

5       A status hearing was held on December 10, 2007.  The Defendant was not brought to
6   court.  A status hearing was set for January 7, 2007 and the U.S. Marshals were ordered to
7   transport the Defendant back to the District of Arizona to attend the status hearing.

8   II LAW AND DISCUSSION

9       Defendant argues that as of October 12, 2007 when Warden A.F. Beeler issued a
10  Certificate of Restoration of Competency To Stand Trial and the U.S. Marshals were
11  notified to transport the Defendant to court, the Defendant was ready for transport and 10
12  days later the ten day plus presumption of unreasonableness  under the Speedy Trial Act
13  (hereinafter "STA")18 U.S.C. §3161(h)(1)(H) applied.

14      Under the STA , a Defendant must be brought to trial within seventy days from the filing
15  date of the information or from the date the defendant has appeared before a judicial officer
16  of the Court in which such charge is pending, whichever date last occurs.   18 U.S.C.
17  §3161(c)(1).

18      On February 16, 2007 the Defendant filed a notice of change of plea (Doc. No. 7) the STA
19  clock was tolled on that date.  18 U.S.C. §3161(h)(1)(F).  Twenty-three days (January 24,
20  2007 arraignment to February 16, 2007 filing of notice) under the STA had run.  On March
21  16, 2007 the scheduled and intended change of plea hearing was vacated.  On March 19,
22  2007 the Defendant filed a motion to continue the March 27, 2007 trial.  Two additional days
23  under the STA had run, for a total thus far of twenty-five days.

24      The District Court in its March 21, 2007 order granting Defendant's motion to continue
25  his March 27, 2007 trial stated that "[e]xcludable delay under 18 U.S.C. §3161(h)(8) is found
26  to begin on March 28, 2007 and end on May 1, 2007.  Such time shall be in addition to other
27  excludable time under the Speedy Trial Act and shall commence as of the day following the
28  day that would otherwise be the last day for commencement of trial." (Doc. No. 11).  The

1   Defendant was ordered committed on April 19, 2007 with excludable delay pursuant to 18

2   U.S.C. §3161(h)(4) to begin on April 17, 2007 and end upon the Court's determination of

3   competency. (Doc. No. 20).

4       As a result of the Court's preponderant finding of incompetency, an Order of Commitment

5   to a suitable facility to restore Defendant's competency was entered on April 19, 2007.

6   Consequently, 18 U.S.C. §3161(h)(4) applies and its clear language states that the speedy

7   trial calculation does not include:

8           [a]ny period of delay resulting from the fact that the defendant
            is mentally incompetent...to stand trial.
9

10  18 U.S.C. §3161(h)(4) (emphasis added) Unlike 18 U.S.C. §3161(h)(1)(H) which allows

11  a reasonable delay up to ten days to transport a defendant, 18 U.S.C. §3161(h)(4) imposes

12  no limitation on the amount of time excludable while the defendant is mentally incompetent.

13          As such, when a defendant has been declared mentally
            incompetent, §3161(h)(4) trumps other sections of the [Speedy
14          Trial] Act, including §3161(1)(H), the provisions of which do
            not require a finding of mental competency. ...Congress did not
15          intend to impose such a restriction.  To graft such a restriction
            on the clear language of §3161(h)(4) would do damage to the
16          intent of Congress.

17  *United States v. Degideo*, 2004 WL 1240669 (E.D. Pa. May 18, 2004); see also *United States*

18  *v. Bell*, 2007 WL 1087355 (N.D. Ga. Apr. 5, 2007).  Where the STA makes a specific

19  statutory exemption, that exclusion applies automatically without regard to the

20  reasonableness of any delay incurred. *Henderson v. United States*, 476 U.S. 321, 330 (1986);

21  *United States v. Vasquez*, 918 F.2d 329, 333 (2nd Cir. 1990); *United States v. Triumph*, 2004

22  WL 1920352 (D. Conn. Aug. 24, 2004).

23      Further, a careful reading of cases cited demonstrates that the unequivocal language of 18

24  U.S.C. §3161(h)(4) excludes the period of time a defendant is deemed to be incompetent to

25  stand trial, whatever the reason for delay may be.  *Bell,* 2007 WL 1087355 (Order that

26  defendant receive treatment to be restored results in excluding delay due to failure to execute

27  the court's order from speedy trial computation pursuant to 18 U.S.C. §3161(h)(4)), citing

28  *Degideo*, 2004 WL 1240669 at 5 ("By drafting §3161(h)(4) in the disjunctive, and equating

1   mental competency with physical inability to stand trial, Congress clearly found that when
2   a defendant's mental state prevents the defendant from meaningfully participating in her trial,
3   the STA does not impact on a court's ability to delay the proceedings indefinitely until the
4   defendant recovers, regardless of any other reason for delay."); *Triumph*, 2004 WL 1920352
5   at 3 ("where there is a specific statutory exemption from the STA, [such as 18 U.S.C.
6   §3161(h)(4)], the exclusion applies automatically, whether or not the delay was reasonable.")
7   citing *Vasquez*, 918 F.2d at 333.

8       Having determined that Defendant is incompetent to stand trial, this Court entered an
9   order of commitment pursuant to 18 U.S.C. §4241(d).  Hence, "[a]ny period of delay
10  resulting from the fact that the defendant is mentally incompetent...to stand trial" is excluded.
11  18 U.S.C. §3161(h)(4).  The Certificate of Restoration of Competency To Stand Trial is at
12  this point only a medical *opinion* tendered by Warden A.F. Beeler of F.M.C.-Butner, North
13  Carolina.  It is not a *finding* by the Court that the Defendant has now been restored to mental
14  competency in order to stand trial.

15  III. CONCLUSION

16      To date twenty-five days under the STA have run. For the above stated reasons any delay
17  in returning the Defendant to the District of Arizona to determine his competency, though
18  unfortunate, does not enter into the speedy trial calculus.  At the January 22, 2007 status
19  hearing, where it is anticipated the Defendant will be present, counsel for the Defendant and
20  the Government may 1) stipulate to the findings in the evaluation report; 2) submit the report
21  for the Court's review and finding; or 3) contest the issue of whether the Defendant is or is
22  not competent in spite of the opinions expressed in the evaluation report.  Whichever of the
23  three aforementioned scenarios takes place, the Court will make a finding accordingly
24  pursuant to 18 U.S.C. §3161(h)(4) and 18 U.S.C. §4241(d).

25  IV RECOMMENDATION

26      For the foregoing reasons, the Magistrate Judge recommends that the District Court deny
27  Defendant's Motion to Dismiss (Doc. No. 32) for STA violations.

28

1      Pursuant to 28 U.S.C. §636(B) any party may serve and file written objections within ten

2  days after being served with a copy of this Report and Recommendation.  If objections are

3  filed, the parties should use the following case number: CR 07-0147-TUC-RCC.

4      If objections are not timely filed, then the parties' right to *de novo* review by the District

5  Court may be waived.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.)

6  (*enbanc*), *cert denied* 540 U.S. 900 (2003).

7      The Clerk is directed to send a copy of this Report and Recommendation to counsel.

8      DATED this 24TH day of January, 2008.

9

10

11

12

13  _____

14                  Héctor C. Estrada
                United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28